MORLEY MENDELSON, ESQ. (CA SBN 54126)
LAW OFFICES OF MORLEY MENDELSON
21250 Hawthorne Blvd, Suite 500
Torrance, CA 90503
310-730-0033 Telephone
424-203-3631 Facsimile
mmendelson@mgmbusinesslaw.com

Attorney for Plaintiffs
Gary Robertson and Gregory Joshua Hemingway

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GAR ROBERTSON, an individual, aka Robert Garson aka Gary Robertson; GREGORY JOSHUA HEMINGWAY fka GREGORY JOSHUA MICHAEL PALMER, an individual.<br><br>Plaintiffs,<br>vs.<br><br>ERIC VICTOR BURDON, an individual; MARIANNA BURDON aka MARIANNA PROESTOU, an individual; and DOES 1-25, inclusive<br><br>Defendants. | **COMPLAINT FOR:**<br><br>**(1) DAMAGES FROM COPYRIGHT INFRINGEMENT;**<br>**(2) DECLARATORY RELIEF WITH RESPECT TO JOINT AUTHORSHIP;**<br>**(3) ACCOUNTING;**<br><br>*17 U.S.C. §101* |

GAR ROBERTSON ("ROBERTSON") and GREGORY JOSHUA HEMINGWAY ("HEMINGWAY") jointly ("Plaintiffs"), complain and plead as follows:

**JURISDICTION AND VENUE**

1.   This is a civil action seeking recovery of compensatory, statutory, and/or punitive damages and attorney's fees and costs arising, in part, from Defendants ERIC BURDON ("BURDON") and MARIANNA BURDON aka MARIANNA PROESTOU ("MARIANNA"), (hereinafter collectively known as "Defendants") willful and continuous copyright infringement including but not limited to violation of Hemingway's prior copyrighted solo musical work and failure to credit the Plaintiffs as co-authors or authors of various musical works within the meaning of the Copyright Act.  Plaintiffs seek a declaratory judgment wherein certain musical

---

**COMPLAINT Robertson & Hemingway v Burdon et al - 1**

works for which the Plaintiffs have significantly contributed are declared to be joint works within the meaning of The Copyright Act of the United States, 17 U.S.C. §101, et seq. and where Burdon's claim of copyright to the music of "Out of My Mind" is invalidated under that same US code. Plaintiffs also allege and bring actions against Defendants for an accounting.

2. The Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has jurisdiction over the Defendants because, among other things, Defendants are domiciled in the State of California, met and worked with Plaintiffs on the matters at hand in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial District, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c), and/or §1400(a).

5. Plaintiffs have complied with 17 U.S.C. § 411(a).

**THE PARTIES**

6. Plaintiff ROBERTSON, an individual, has at all times relevant and continues to be a resident of the State of California, County of San Bernardino.

7. Plaintiff HEMINGWAY, an individual, was a part-time resident of the State of California, County of San Bernardino from 2002 to 2012. HEMINGWAY is currently a resident of the State of Florida, Lake County.

8. Defendant BURDON, an individual who is married to defendant MARIANNA, is domiciled in the State of California. During the time period when the acts upon which the Plaintiffs complain occurred, BURDON was domiciled in the County of San Bernardino. BURDON is now believed to be domiciled in the County of Ventura.

9. Defendant MARIANNA, an individual who is married to defendant BURDON, is a resident of the State of California. During the time period when the acts upon which the Plaintiffs complain occurred, MARIANNA was a resident of the County of San Bernardino.

Law Offices of Morley Mendelson
21250 Hawthorne Blvd.; Ste 500
Torrance, CA 90503
Telephone: (310) 730-0033
Facsimile (424) 203-3631

**COMPLAINT Robertson & Hemingway v Burdon et al - 2**

1  MARIANNA is now believed to be a resident of the County of Ventura.

2    10.    Various persons, individuals, partnerships, corporations, and associations not named as defendants in this Complaint, have participated as co-conspirators in the violations alleged herein and have performed acts and made statements in furtherance thereof. Except as described herein, Plaintiffs, as yet, are ignorant of the true names, capacities, and nature and extent of participation in the conduct alleged herein of those parties sued as DOES 1 through 20 inclusive, and therefore sue these DOE defendants by such fictitious names. Plaintiffs will amend the Compliant to allege the true names and capacities of the DOE defendants when ascertained. The DOE defendants are included in the reference to "Defendants" at all times in the Complaint.

11.    The Plaintiffs believe and thereon allege that all the Defendants, including the DOE Defendants, have participated as co-conspirators in the violations alleged in this Complaint, and/or performed substantial acts and made statements in furtherance of the allegations and violations in the Complaint.

## AGENCY, JOINT VENTURE, ALTER EGO

12.    At all times mentioned herein, each of the Defendants named herein, including the DOE defendants, acted as the agent, joint venture, or alter ego of or for the other Defendants with respect to the acts, violations, and common course of conduct alleged herein.

13.    At all times mentioned herein, Defendants approved of, condoned, and or otherwise ratified each and every one of the acts or omissions complained herein. At all times mentioned herein, Defendants each aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as alleged herein.

14.    At all times mentioned herein, the acts and omissions of various Defendants occurred and contributed to the various acts and omissions of each and every one of the other Defendants, thereby proximately causing the acts, complaints, injuries, and damages alleged herein.

## GENERAL AVERMENTS

15. Robertson owns a recording studio in Morongo Valley, California named Red Barn

Law Offices of Morley Mendelson
21250 Hawthorne Blvd.; Ste 500
Torrance, CA 90503
Telephone: (310) 730-0033
Facsimile (424) 203-3631

1. Recorders and also has a music publishing company named Ain't Music.

16. Robertson is a performing and recording musician and composer whose works have appeared in film and sound recordings. He is also the primary audio engineer and producer for Red Barn Recorders. Under his aka, Robert Garson, Robertson has written, recorded, and released numerous songs with lyrics and music (both individually and working with other artists) and had both released CD recordings and performed live concerts of such music.

17. Robertson met Burdon and his wife and manager Marianna at several social gatherings beginning in 2008. They discussed on more than one occasion getting together at Robertson's studio so Burdon could check out the facility and so that Robertson and Burdon could explore writing songs together.

18. On January 9, 2010 Burdon and Marianna visited Robertson's studio. This was the date of the first songwriting session between Burdon and Robertson. Burdon came to the studio bearing many pages of incomplete, original song lyrics. Robertson set up a microphone in the lounge area of his studio and recorded the entire writing session so as not to lose any ideas. All parties present were aware of the fact that the session was being recorded. All parties agreed that recording the session was a good idea.

19. Burdon refers to Robertson as a writer with Burdon on the session recordings and can clearly be heard stating "these things we're writing" referring to the songs.

20. Burdon does not play a musical instrument. With the exception of the song "It was a Dream" Burdon recited lyrics without melodies to Robertson, and Robertson created music for the lyrics for five different songs. Robertson also contributed some lyrical content.

21. Burdon had no music, melody or structure for the songs when he arrived at the studio. When he left the studio after the first writing session he left with five songs with music, melody and structure that Robertson and Burdon composed together in two writing sessions.

22. For the song "It Was A Dream" Robertson simply put Burdon's lyrics into a straight blues chord progression and Robertson has never claimed co-authorship of this piece.

23. Robertson created melody and musical structure for "Wait," "Black Dog," "Riding with the Ripper," "Mask," and "Out of My Mind."

24. On January 10, 2010 Robertson created an arrangement for "Wait" with Robertson and Burdon singing and Robertson playing guitar and sent an mp3 audio file of the song to Marianna so that Burdon could continue to work on the lyrics while he was touring.

25. On January 14, 2010 Burdon and Marianna return to Robertson's studio for another writing session to continue the work on the five songs listed in paragraph 20. This session was also recorded as before.

26. On January 18, 2010 Marianna emails Robertson asking if she and Burdon can get together again with Robertson before Burdon leaves on tour. She also requests the recordings made of the writing sessions so that Eric and Marianna can listen to the recordings on the road.

27. Robertson creates an audio cd of the sessions and provides it to Marianna. Due to conflicting schedules the parties do not get back together until March.

28. On January 27, 2010 Marianna emails Robertson saying she would like to set up some recording time for Burdon. She also asks Robertson to invoice her for the time already spent in the studio working on the songs. Robertson replies that he appreciates the offer but does not charge studio time for time spent as writing sessions. Marianna does not reply with a dispute of Robertson's characterization.

29. On March 3, 2010 Marianna emails Robertson requesting studio time to record Burdon's vocals on material recorded in New Orleans with Fats Domino's Band. On March 7 the recording session takes place. On March 9, 2010 Marianna requests an invoice, Robertson provides one, and Marianna pays it promptly.

30. On May 18, 2010 Robertson contacted Marianna offering to provide her with his publishing and performance rights affiliation for the songs he composed with Burdon. Marianna replies on May 21, 2010 that she does not agree that Robertson was a co-author of any of the work. "In regards to your publishing information, I must admit I'm a bit confused. It seems that we have had a misunderstanding. When we came to your studio, Eric was in need of a musician who could accommodate his voice and put it on tape so he could listen to it and develop his song. Because Eric isn't able to play any instruments, but considers his voice as his instrument, he utilizes the musicians around him as interpreters for his musical ideas. That is

1    why I asked you to provide me with an invoice for your time spent in the studio, to insure that

2    you would be paid for your services."

3    31. Robertson replies stating that what occurred between Burdon and Robertson was clearly a

4    writing session by design, definition and outcome in that Robertson composed melody,

5    chords, structure and made lyric contributions to the lyrics Burdon recited to Robertson.

6    32. Marianna's follow-up communications state that only "It Was a Dream" and "Black Dog"

7    will be released. She states that "It Was a Dream" was basically completed before Burdon

8    came to the studio. She asks Robertson for his opinion about a fair percentage for his "Black

9    Dog" contribution and admits Burdon only had lyrics when he came to the studio but

10    reiterates that he was "looking for an 'interpreter' to help him put his thoughts together before

11    he steps into the studio for recording. Robertson communicates that he feels he is entitled to

12    be a co-author with half the ownership. Marianna replies that she disagrees with the

13    percentage and states she will be consulting with an "independent 3rd party professional" to

14    determine the percentage. She also states that there is plenty of time until an album may be

15    released so no decisions need to be made right away.

16    33. More than two years later, without any notification or other communication from the

17    Defendants, Robertson heard that three of the songs he co-authored with Burdon were

18    probably going to be released. Those songs were "Black Dog," "Wait," and "Out of My

19    Mind." He emails Marianna asking about whether he was given credit. She does not reply.

20    34. Robertson also heard that the record publisher for "Black Dog" and "Out of My Mind" was to

21    be Readymade Records and the music publisher for "Wait" was to be ABKCO Records.

22    35. Robertson contacted both ABKCO and Readymade Records with his concerns.

23    36. On November 12, 2012 Robertson has a conversation with ABKCO's Senior Executive Vice

24    President Alisa Coleman. She asks him for a history of the various songs' creation of music

25    and lyrics, and Robertson provides his facts to her. He asks about how the credits are going

26    to be listed and is told that nothing has been done yet with regard to the release, so there are

27    not yet any credits. He asks if "Wait" was submitted to ABKCO as a sole authorship by

28    Burdon or are there other writers credited. She states that she has no information as to writers

**COMPLAINT Robertson & Hemingway v Burdon et al - 6**

Law Offices of Morley Mendelson
21250 Hawthorne Blvd.; Ste 500
Torrance, CA 90503
Telephone: (310) 730-0033
Facsimile (424) 203-3631

1. or publishers on the album.

37. At Robertson's request, he is finally given access to the what eventually ended up becoming the final version of "Wait" and it is clear to him that the music is exactly the same music that he wrote and recorded for Burdon except for a four-bar section.

38. Robertson thereafter listened to a streaming version of "Out of My Mind" and realized that while some of the lyrical content is his, the music is not his.

39. As Robertson later learned, the lyrics on "Out of My Mind" were Burdon's that Burdon initially titled "Love is a Psychological Thing" and the music was in fact Hemingway's copyrighted music that was copyrighted in 1991 by Hemingway under the name "Without You" as part of a collection of Hemingway's works with registration SR 0000200666 and was updated as SR 0000711870 on November 23, 2012. Exhibit A is a true and correct copy of these copyright registrations.

40. Hemingway is a music composer and writer with a publishing company and registration of Five Guys and A Dog Music.

41. At the request of Defendants, Hemingway personally delivered a CD of three versions of his copyrighted song "Without You" to the Defendants at their home in Joshua Tree, California on February 23, 2010. The CD contained six tracks that contained the three versions each with Hemingway's vocals and also each as an instrumental version.

42. On the date of that personal delivery, Defendants listened to the music on the CD. Burdon told Hemingway that he (Burdon) wanted to hear a version that was not a "Country" sounding version and asked Hemingway to create another version of the music that could possibly be used for Burdon's song "Love is a Psychological Thing."

43. The Defendants never revealed to Hemingway prior to the release that Hemingway's music was used in their release on a song whose name had been changed without notice to "Out of My Mind" by Defendants.

44. Defendants did not credit Hemingway on the release.

45. Hemingway did not give the Defendants permission to use his copyrighted music and would not have done so without a contract that included at least credit for the music and royalties,

Law Offices of Morley Mendelson
21250 Hawthorne Blvd.; Ste 500
Torrance, CA 90503
Telephone: (310) 730-0033
Facsimile (424) 203-3631

including publishing, for all uses of it.

46. Judy Tint, allegedly a prior attorney for Defendants, told Plaintiffs that Defendants had pulled all the albums from retail availability that do not give Hemingway credit.

47. As it turns out, these claims were false and all Burdon's prior statements about Plaintiffs receiving credit on the recordings, copyrights, etc. were false.

48. It was not true that the albums had been pulled, and the albums remain for sale today without credit to Hemingway.

49. In late 2014 Plaintiffs began to receive small royalties from BMI and ASCAP (two of the premiere performing rights organizations in the US) for the songs on Burdon's albums.

50. The rights management registrations with ASCAP for Robertson and BMI for Hemmingway show these plaintiffs to be co-authors and authors. Exhibit B contains true and correct copies of these registrations.

51. In October 2014 ABKCO released the album, *Raw in Holland*, that contained "Black Dog" and "Wait."

52. On February 25, 2015, despite Defendants' previous statements, Defendants filed with the USPTO a copyright application for "Wait" that did not include Robertson. The copyright record is PAu003771134. A true and correct copy of a printout of the online copyright record from the United States Copyright Office is attached as Exhibit C. The copyright record was made public in 2016.

53. The copyright filing of "Wait" states that the song was created in 2013.

54. The copyright filing of "Wait" states that Burdon is a citizen of the United States as of the date of the filing.

55. Solely under the title, "Out of My Mind" Burdon filed a copyright application on October 18, 2012 with Eric Burdon as the sole author of all music and lyrics. The copyright application does not identify the song under any other names. The copyright registration number is PAu003643872 and a true and correct copy is attached as Exhibit D.

56. Plaintiffs believe and thereon allege that the music registered under the name "Out of My Mind" by Burdon and/or his agents is the same as Hemingway's "Without You" that was

copyrighted in 1990.

57. Hemingway has retained all rights to his creation in the aforementioned work, "Without You" used in "Out of My Mind," and has never transferred to Defendants any of his exclusive rights to said work.

58. Robertson has retained all rights to his creation in all the aforementioned works and has never transferred to Defendants any of his rights to said work.

59. Despite the registrations of "Wait" and "Black Dog" with the BMI and ASCAP rights societies that includes the Defendants and Plaintiffs, the copyright records for these works continue to not include Robertson's name.

60. Plaintiffs are informed and believe and thereon allege that online streaming services and sales outlets have shown the Plaintiffs as co-authors and/or creators of the music in question.

61. Plaintiffs are informed and believe and thereon allege that Defendants have not held said disputed royalty payments in a separate account.

62. Defendants have not provided any accounting of said royalties to either of the Plaintiffs.

63. Plaintiffs have repeatedly attempted to get reach out to Defendants and specifically to Burdon in several attempts to resolve the matter.

64. Plaintiffs are informed and believe and thereon allege that Defendants have delayed Plaintiffs prosecution of these matters by creating the appearance that they would resolve the matter, changing the names of songs in the copyright registration to names for which Plaintiffs would not recognize or take notice of, and allowing the performance rights society records to reflect the Plaintiffs' names for each song.

65. Plaintiffs are informed and thereon allege that Defendants have continued to sell, distribute, broadcast, and perform recordings of the works, in violation of Plaintiffs' copyrights through and including dates in January 2018.

66. Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment, allegation or cause of action of this Complaint.

//

# FIRST CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT
(17 U.S.C. §§ 106 and 501)

67. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 66 inclusive.

68. Through their conduct averred herein, Defendants have infringed Plaintiff Robertson's copyrights in "Wait," "Out of My Mind"/ "Without You," and "Black Dog" and Hemmingway's copyrights in "Without You" ("Infringing Compositions") in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§106 and 501.

69. Hemmingway's musical work is previously copyrighted and entirely separable from Burdon's lyrics in "Out of My Mind."

70. Burdon did not contribute to Hemmingway's music "Without You" that Burdon combined with his lyrics and then recorded as "Out of My Mind" under his own name and credit as sole author.

71. Robertson's music is separable from the lyrics of Burdon in "Black Dog" and "Wait."

72. Defendants' acts of infringement are willful, intentional, and purposeful in disregard of and with indifference to Plaintiffs' rights.

73. As a direct and proximate result of infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial, which shall not be less than $150,000.

74. Defendants have previously and continue to benefit and be enriched from their use, without compensation to Robertson, of the Infringing Compositions and Infringing Works.

75. Defendants have and continue to benefit and be enriched from their use of, without permission, the copyrighted musical work, "Without You" copyrighted by Hemmingway.

76. Plaintiffs are entitled to Defendants' monetary receipts attributable to the infringement, pursuant to 17 U.S.C. §504(b), including and accounting of a constructive trust with respect to such receipts.

77. Plaintiffs further are entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

## SECOND CAUSE OF ACTION

## REQUEST FOR

## DECLARATORY RELIEF WITH RESPECT TO JOINT AUTHORSHIP

78. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 77 inclusive.

79. Through their conduct averred herein, Defendants have infringed Robertson's rights with respect to joint authorship in the Infringing Works.

80. Defendants' acts of infringement are willful, intentional, and purposeful in disregard of and with indifference to Plaintiffs' rights.

81. Defendants have attempted to disguise their claim of authorship without Robertson by allowing Robertson to be credited as an author and co-author on the records of the performance rights societies and online retailers of the Infringing Works.

82. Plaintiffs are also entitled to Defendants' monetary receipts attributable to the infringement, pursuant to 17 U.S.C. §504(b), including and accounting of a constructive trust with respect to such receipts.

83. Plaintiffs further are entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

84. Robertson contributed a non-trivial amount of creative, original, and intellectual expression to the Infringing Works.

85. Hemmingway contributed a non-trivial amount of creative, original, and intellectual expression to the Infringing Works.

86. Robertson and Defendants intended that their contributions be combined in the Infringing Works.

87. The components of Robertson's and Burdon's contributions to "Black Dog" and "Wait" are inseparable and interdependent parts of each whole work.

88. The components of Robertson's and Burdon's contributions to "Out of My Mind" are interdependent parts of the whole, but are separable from Hemingway's contribution to the work.

89. Plaintiffs seek a declaration of joint authorship for Robertson with respect to the Infringing Works;

90. Plaintiffs seek a declaration that the music of "Out of My Mind" infringes the copyright of Hemmingway's "Without You" work.

## THIRD CAUSE OF ACTION

## ACCOUNTING

91. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 90 inclusive.

92. Plaintiffs believe and thereon allege that Defendants have received payment from performance rights societies, record labels, publishers, venues, producers, retailers, and other parties for performances of and sales of the Infringing Works as authors, copyright holders, and publishers.

93. Plaintiffs believe and thereon allege that Defendants and/or their agents have withheld from Plaintiffs and not distributed to Plaintiffs the proper amount of payments received and or earned and due to Plaintiffs.

94. Plaintiffs believe and thereon allege that Defendants and/or their agents have withheld reports to Plaintiffs detailing sales of the Infringing Works, royalties earned, royalties collected, bonuses or upfront funds received, publishing fees earned and/or collected.

95. Defendants, either themselves or through their agents, owe Plaintiffs a legal duty to provide such an accounting yet have refused to do so.

96. Plaintiffs therefore demand an accounting of all revenues received, earned, pledged, exchanged, withheld, or promised with respect to Plaintiffs' copyrights in and separate joint authorship of the Infringing Works.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for judgment against Defendants, and each of them, as follows:

(1) For damages in an amount that may be found, or as otherwise permitted by law, but not less than $150,000;

(2) For an accounting of and the imposition of a constructive trust with respect to Plaintiffs' copyrights in and separate joint authorship of the Infringing Works;

(3) For a declaration of joint authorship for Robertson with respect to the Infringing Works;

(4) For a declaration that the music of "Out of My Mind" infringes the copyright of Hemmingway's "Without You" work;

(5) For prejudgment interest according to law;

(6) For Plaintiffs' attorneys' fees, costs, and disbursements in this action;

(7) For other relief that the Court may deem is proper.

February 20, 2018                    Respectfully submitted,


_____
MORLEY G. MENDELSON
Counsel for Plaintiffs